UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Cornerstone Consulting Organization, LLC,  Case No. 3:25-cv-931

    Plaintiff,

v.  MEMORANDUM OPINION
AND ORDER

Exro Technologies Inc.,

    Defendant.

## I. INTRODUCTION

Plaintiff Cornerstone Consulting Organization, LLC, filed a motion for entry of default and entry of a default judgment against Defendant Exro Technologies Inc. (Doc. No. 6). In response, Exro filed a motion for leave to file an answer instanter. (Doc. No. 8). Cornerstone filed a brief in opposition to that motion. (Doc. No. 11).

## II. BACKGROUND

On May 8, 2025, Cornerstone initiated this litigation, alleging Exro breached the parties' agreement for Cornerstone's provision of "essential operational support services" by failing to pay the invoices Cornerstone sent. (Doc. No. 1 at 1). Cornerstone brings claims for breach of contract and accounts stated. (*Id.* at 4-5). On July 7, 2025, Cornerstone filed an affidavit of service, representing it had completed personal service of the complaint upon Exro's statutory agent on June 10, 2025. (Doc. No. 4).

Cornerstone filed a motion "request[ing] that a Clerk's Entry of Default be entered against . . . Exro" on August 6, 2025. (Doc. No. 6). Cornerstone represented that it had completed service

and that Exro had failed to file an answer to the complaint by Exro's July 1, 2025 deadline. (*Id.* at 1-2); (*see also* Doc. No. 6-1). Cornerstone also requested that the Clerk "enter a default judgment in the amount of $395,141.65, calculated as the sum of the principal, accrued interest, and attorney fees." (Doc. No. 6 at 2). Cornerstone served Exro with a copy of its motion by mail on August 11, 2025.

On August 29, 2025, Exro filed a motion for leave to file an answer to the complaint pursuant to Federal Rule of Civil Procedure 6(b), arguing its failure to comply with the answer deadline was the result of excusable neglect. (Doc. No. 8). According to Exro, "it mistakenly believed the dispute with [Cornerstone] was part of an ongoing arbitration process" and, therefore, it did not understand it was required to file an answer. (*Id.* at 3).

### III. DISCUSSION

Rule 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).[1] Exro was served with the complaint on June 10, 2025, (*see* Doc. Nos. 4 and 6-1), so its answer was due 21 days later, on July 1, 2025. *See* Fed. R. Civ. P. 6(a)(1). Exro did not file an answer by that deadline, so it is in default.

When a defendant is in default, the defendant's motion for leave to file an answer should be analyzed under Rule 55(c)'s good-cause standard, not Rule 6(b)'s good-cause standard. *See, e.g.,*

---

[1] While Cornerstone also requested entry of a default judgment, (Doc. No. 6 at 2), that request was procedurally improper, as a party cannot move for a default judgment until after the Clerk has entered default. *See, e.g., Gillmann Servs., Inc. v. Transport One Logistics, LLC*, No. 4:23-CV-16, 2025 WL 1564809, at *4 (E.D. Tenn. Jan. 21, 2025) (citing cases). Moreover, the Clerk may only enter a default judgment if "the plaintiff's claim is for a sum certain." Fed. R. Civ. P. 55(b)(1). Cornerstone's requested judgment includes attorney fees, which "[f]ederal courts have made clear . . . are not a 'sum certain.'" *Booth v. Timothy Sammons, Inc.*, No. 15-11760, 2016 WL 2756522, at *1 (E.D. Mich. May 12, 2016) (citing cases). *See also Van Zeeland Oil Co. v. Lawrence Agency, Inc.*, No. 2:09-cv-150, 2009 WL 10678619, at *1 (W.D. Mich. Sept. 28, 2009) (citing cases).

*Hitachi Med. Sys. Am., Inc. v. Horizon Med. Grp.*, No. 5:07CV02035, 2008 WL 11380159, at *3-4 (N.D. Ohio July 3, 2008).

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "In determining whether good cause exists, the district court must consider: '(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced.'" *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (quoting *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir. 1992)) (alterations by *$22,050.00 U.S. Currency*). "Although [a]ll three factors must be considered in ruling on a motion to set aside an entry of default, when a defendant has a meritorious defense and the plaintiff would not be prejudiced, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *$22,050.00 U.S. Currency*, 595 F.3d at 324 (citation and internal quotation marks omitted).

### A. Meritorious Defense

The Sixth Circuit's "cases discussing meritorious defenses in the context of setting aside default do not require that a defense be supported by detailed factual allegations to be deemed meritorious." *$22,050.00 U.S. Currency*, 595 F.3d at 326. *See also id.* ("[A]ll that is needed is a hint of a suggestion which, proven at trial, would constitute a complete defense.") (citations and internal quotation marks omitted). "Likelihood of success on the merits is not the measure of whether the defendant presents a meritorious defense." *Berthelsen v. Kane*, 907 F.2d 617, 621-22 (6th Cir. 1990).

In its proposed answer, Exro asserts it does not owe Cornerstone for any unpaid invoices, that Cornerstone fails to state a plausible claim for relief, and that Cornerstone's claims are barred because Cornerstone breached its contractual duties. (Doc. No. 8-1 at 2-4). These defenses, "if sustained, would change the outcome" of this case. *$22,050.00 U.S. Currency*, 595 F.3d at 326. Therefore, I conclude this factor weighs in favor of setting aside the entry of default.

3

### B. Prejudice

In determining whether Cornerstone will be prejudiced if I set aside Exro's default, I must consider whether "the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) (citing *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)). Neither delay alone nor increased litigation costs are sufficient to establish prejudice. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011) (citations omitted).

In its brief opposing Exro's motion for leave to file an answer, Cornerstone asserted it would suffer prejudice because extending the answer deadline would "delay[] recovery of undisputed funds." (Doc. No. 11 at 4).

This factor also weighs in favor of setting aside the entry of default. Cornerstone has not identified any potential prejudice other than delay, which is not sufficient on its own. "Because the case is in its early stages and discovery has not yet begun, Plaintiff will not be prejudiced by setting aside the Entry of Default." *Baker v. Trustwell Mgmt. of Cordova, LLC*, No. 2:25-cv-02070, 2025 WL 1362036, at *3 (W.D. Tenn. May 9, 2025).

### C. Culpability

Finally, I consider whether Exro was culpable for the default. "[I]n the context of Rule 55(c), mere negligence or failure to act reasonably is not enough to sustain a default." *$22,050.00 U.S. Currency*, 595 F.3d at 327. "Instead, for the defendant to be deemed culpable for the default, he 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings.'" *Id.* (quoting *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996) (further citations omitted)).

Exro states it "missed its answer deadline because it mistakenly believed the dispute with Plaintiff was part of an ongoing arbitration process." (Doc. No. 8 at 3). Exro further acknowledges

4

it "received a copy of the summons and complaint, but it misunderstood the nature of those papers and mistakenly assumed this dispute was still in arbitration, at least partly because of confusion caused by the departure of in-house counsel before this action was filed." (*Id.* at 3-4). Exro represents that "despite [its] carelessness, it has acted in good faith." (*Id.* at 4).

Cornerstone contends this explanation is "[i]mplausible" because the parties have never participated in an arbitration. (Doc. No. 11 at 4-5). But while Cornerstone argues Exro should have offered a "sworn declaration or affidavit" explaining its error, it instead is Cornerstone's burden to "produce[] . . . evidence that [Exro's] story is false." *$22,050.00 U.S. Currency*, 595 F.3d at 327.

Moreover, "it is not necessary that [a defendant's] conduct be excusable to qualify for relief under the 'good cause' standard of Rule 55(c)." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). I conclude there is no evidence that Exro's failure to file a timely answer was the result of "a willful failure," *id.*, and, therefore, I conclude this factor weighs in favor of setting aside the entry of default as well.

### IV. CONCLUSION

For the reasons stated above, I conclude Plaintiff Cornerstone Consulting Organization, LLC was entitled to an entry of default against Defendant Exro Technologies Inc. pursuant to Rule 55(a). I further conclude that entry of default should be set aside pursuant to Rule 55(c).

Plaintiff's motion for entry of default and default judgment is denied as moot. (Doc. No. 6). Defendant's motion for leave is granted. (Doc. No. 8). Defendant shall file its answer within seven days of the date of this Memorandum Opinion and Order.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

5